## EOFF v. LAIR.

No. 6531—Opinion Filed Feb. 19, 1917.

(163 Pac. 515.)

(Syllabus by the Court.)

**Evidence—Parol Evidence—Property Included in Chattel Mortgage.**

Where the property included in a chattel mortgage is described as, "One standard oil drill and rig and all tools and equipment, consisting of boiler, engines, bits, stems, etc., now located on the N. E. ¼ of Sec. 9, T. 3, south of range 15 west." parol proof of the extent and meaning of the words employed and the sense in which the parties used them is admissible, and in this case it was error to exclude certain testimony offered for the purpose of showing that certain oil well casing used by the mortgagor in connection with the oil drill and rig was not included in the general description.

Error from District Court, Tillman County; Frank Mathews, Judge.

Replevin by A. Lair against B. B. Eoff. Judgment for plaintiff, and defendant brings error. Reversed and cause remanded for new trial. (Former opinion, published in 156 Pacific, 185, withdrawn.)

Ahern & Searcy, for plaintiff in error.

Mounts & Davis, for defendant in error.

KANE, J. This was an action in replevin, commenced by the defendant in error, plaintiff below, against the plaintiff in error, as sheriff, defendant below, for the purpose of recovering the immediate possession of certain oil well casing. In his petition the plaintiff alleged that he was the owner of, and entitled to, the immediate possession of certain oil well casing, and that the de-

fendant, as sheriff of Tillman county, was wrongfully detaining possession thereof. The defendant answered by way of general denial, and further alleged that he took possession of said property as sheriff of Tillman county, Okla., by virtue of an execution delivered to him in the cause of Continental Supply Company, a Corporation, v. Big Pasture Oil & Gas Development Company, commanding him to levy upon the goods and chattels of the defendant; that this plaintiff's title thereto, if any he has, is fraudulent as to the creditors of the said Big Pasture Oil & Gas Development Company; that the Continental Supply Company is a creditor of said Big Pasture Oil & Gas Development Company, as evidenced by the judgment records of the district clerk's office in Tillman county. The reply was a general denial. The plaintiff to support the allegations of his petition testified, in effect, that he purchased the oil well casing at a foreclosure sale had by and in behalf of the State Guaranty Bank of Frederick, Okla., pursuant to the terms of a certain chattel mortgage wherein the State Guaranty Bank was mortgagee and the Big Pasture Oil & Gas Development Company was mortgagor. The chattel mortgage in question, which was in the usual form, was then introduced in evidence over the objection of the defendant. The description therein of the property involved, the only part of the instrument necessary to notice herein, reads as follows:

"One standard oil drill and rig and all tools and equipment, consisting of boiler, engines, bits, stems, etc., now located on the N. E. ¼ of Sec. 9, T. 3 south of range 15 west."

After the plaintiff concluded his testimony and rested his case, the defendant interposed a demurrer to the evidence, upon the ground that the same is insufficient to warrant a recovery in favor of plaintiff and against defendant, and for the further reason that the mortgage introduced herein, and upon which the purported foreclosure is alleged to have been had, does not include within its terms the property in question, which demurrer was by the court overruled. Thereupon the defendant called as a witness a Mr. Thrailkeld, who testified, in effect, that he had been engaged in the oil well supply business for about four years; that he was well acquainted with the values and market price of oil well supplies; that he knew what implements, tools, and other equipment were generally included in the term, "one standard oil drill and rig and all tools and equipment, consisting of boiler, engines, stems," etc., as used in the mortgage, and that he was acquainted with "oil terms and oil appliances and the terms used and in vogue among oil well supply people." Thereupon questions were asked the witness which, if answered, would tend to establish whether the description of the property contained in the chattel mortgage included oil well casing, to which questions counsel for plaintiff objected, which objections were sustained by the court. Thereupon the court, among others, gave the jury instruction No. 3, as follows:

"The only question that will be submitted to you by the court for your determination is whether or not the property in controversy was intended by the mortgagor and mortgagee to be included in said mortgage. Should you find from the evidence in this case, by a fair preponderance thereof, that it was the intention of the oil company and of the State Guaranty Bank, the mortgagor and mortgagee in said mortgage to include the case belonging to said oil company and being the property in controversy in said mortgage, then your verdict should be for the plaintiff for the possession of the property in controversy. And unless you find from a fair preponderance of the evidence that it was the intention of both parties to said mortgage to include the property in controversy in the same, then your verdict should be in favor of the defendant. Should you find in favor of the defendant, then your verdict should be for the return of the property in controversy, and you should further find the fair cash value thereof at the time and place the said property was taken from the defendant."

Thereupon the jury retired, and thereafter returned a verdict in favor of the plaintiff, upon which judgment was duly entered, to reverse which this proceeding in error was commenced.

The principal grounds for reversal relied upon by counsel for plaintiff in error may be summarized as follows: (1) Error in overruling the demurrer to the evidence; (2) error of the court in sustaining objections to the testimony of the witness Thrailkeld; (3) error of the court in giving instruction No. 3.

On the first assignment of error counsel say, in effect, that the language employed in the mortgage does not, by any stretch of the imagination, include within its terms the property sued for in this action, and that therefore it could not legally have been sold at the mortgage sale at which the plaintiff testified he purchased it. On this point we cannot agree with counsel. In our judgment, the description in the mortgage is not sufficiently specific to enable the court to determine the precise property which the parties intended to include therein without the aid of parol evidence. The mortgage does not specifically mention "oil well casing," and yet, such property, when used in connection

with the property specifically described, might very well be embraced within the general description. In such cases parol evidence as to the extent and meaning of the words employed in describing property, and the sense in which they are used by the parties, is always admissible. Jones on Chattel Mortgages (5th Ed.) sec. 64; Myers et al. v. Snyder et al., 96 Iowa, 107, 64 N. W. 771; Weber v. Illing et al., 66 Wis 79, 27 N. W. 834.

The court instructed the jury that:

"The only question that will be submitted to you by the court for your determination is whether or not the property involved was intended by the mortgagor and mortgagee to be included in this mortgage."

We are unable to gather from the record any intention on the part of the mortgagor to mortgage any property except that embraced within the description clause of the mortgage, or that it was the intention of the parties to sell at the foreclosure sale any other than the property actually covered by the terms of the mortgage. Clearly, if the description contained in the mortgage, aided by the parol evidence of witnesses competent to testify on the question, shows that "oil well casing" is included in this description, which is a question for the jury, then the plaintiff ought to recover; otherwise not. From what we have already said, it follows that it was error to exclude the testimony of the witness Thrailkeld. There is some contention to the effect that, admitting that the exclusion of the testimony offered for the purpose of showing that the oil well casing was not included in the description was prejudicial error, still it was not material for the reason that the evidence shows that the casing was turned over to the mortgagee as a pledge independent of the mortgage. As will be seen by reference to instruction No. 3, this theory was not relied upon by counsel for plaintiff, nor considered by the trial court. Moreover, the plaintiff herein is neither a mortgagee nor pledgee, but a third person, who derived whatever title he asserts to the casing from his purchase thereof at the mortgage sale. If the casing was not included within the description contained in the chattel mortgage, it could not be sold pursuant to the terms thereof, and the plaintiff could acquire no title thereto from that source.

For the reasons stated, the judgment of the court below is reversed, and the cause remained for a new trial.

All the Justices concur.