## DUNKIN v. GALLOWAY.

No. 8618—Opinion Filed April 29, 1919.

Rehearing Denied July 1, 1919.

(Syllabus by the Court.)

1. **Indians—Deed to Land Inherited by Full Bloods—Approval by County Court—Requisites of Order.**

Chapter 198, Session Laws 1915, does not specifically require that an order of the county court approving a deed to lands inherited by full-blood Indian heirs shall contain specific findings as to all jurisdictional facts required by section 2 of said act to be alleged in the petition for such approval, and, though it might be the better practice that such order of approval contain such findings, yet, in the absence of such special findings, the order will be presumed to be based upon all the facts necessary to give it validity.

2. **Appeal and Error—Ground for Judgment—Sufficiency.**

Where a judgment does not disclose which of several grounds it is based upon, but is gen-

eral in its terms, it will not be reversed if any one of such grounds is a valid basis for the judgment, and there is sufficient evidence to sustain it upon such ground.

Error from District Court, Jefferson County; Cham Jones, Judge.

Ejectment by J. O. Galloway against F. P. Dunkin. Judgment for plaintiff, and defendant brings error. Affirmed.

Bridges & Vertrees, for plaintiff in error.

Guy Green, for defendant in error.

HARRISON, J. This was a suit in ejectment by J. O. Galloway against F. P. Dunkin and for mesne profits on a tract of land in Jefferson county, the same being the N. E. ¼ S. E. ¼ and the E. ½ N. W. ¼ S. E. ¼ and N. ½ S. ½ S. E. ¼ of sec. 33, Tp. 4 S. R. 7 W.

Galloway relied upon the following chain of title: Allotment patent from Choctaw and Chickasaw Nations to Alvin Nelson; warranty deed from Nancy Nelson, sole surviving heir of Alvin Nelson, deceased, to him, J. O. Galloway; and the order of approval of said deed by the county court of McCurtain county. Copy of each instrument was attached to and made part of his petition.

Dunkin answered by a general denial, and for further defense alleged that he was in possession under a valid and subsisting lease from Alvin Nelson, deceased, to one C. P. Baker, duly assigned by Baker to the defendant Dunkin.

The various instruments of conveyance were introduced in evidence, and oral testimony heard on the issues presented. The court, after hearing the testimony and being advised in the premises, rendered judgment in favor of Galloway for the recovery of the land and for the sum of $120 as rents for the year 1915.

Defendant Dunkin appealed from such judgment, and presents the following propositions for reversal, to wit:

(1) That the deed from Nancy Nelson to Galloway was void.

(2) That the court erred in holding the lease upon which defendant relied to be an overlapping lease.

In the first proposition it is claimed that the deed from Nancy Nelson to Galloway was void for the reason that chapter 198, Session Laws 1915, was not complied with by the county court in approving said deed, and that the failure of the court's order to comply with said act consisted in the failure to make the jurisdictional findings of fact which said act requires to be made. Said act, however, does not require the county court to make any specific findings of fact.

Section 2 of said act requires that petitions for the approval of deeds shall contain the following information: The names of all grantors and grantees; the description of the land to be conveyed; the character and extent of the interest to be conveyed; the roll number and quantum of blood of the grantor and decedent; the permanent residence of decedent at the time of death; the relationship of each grantor to the decedent; and the names and relationship to the decedent of each heir who is not a grantor. But it does not require any specific finding of fact to be made by the county judge, and, while it might be the better practice to make such findings, yet, in the absence of proof to the contrary, the presumption is that the court acted upon a petition which alleged all the essential jurisdictional facts. Owen v. Holmes, 27 Okla. 140, 111 Pac. 320; Walker v. McKemie, 44 Okla. 468, 145 Pac. 359.

But, aside from the legal presumption in favor of the county court's order of approval, it appears from the record that the county court, in approving the deed in question, made a specific finding of fact upon every allegation which the petition for approval is required to contain. Hence the district court was correct in holding said deed valid and in decreeing the title to the land in controversy to plaintiff, Galloway.

As to the second proposition, it does not appear from the journal entry of judgment that the trial court made any findings in reference to the leases. The trial court rendered judgment decreeing that the plaintiff have and recover of and from defendant the land in question, describing it, and rendered judgment against defendant for the sum of $120 due as rents for the year 1915. No mention is made of the leases in the judgment, nor are any specific findings of fact made therein. It is a general judgment. Hence we are unable to say whether it was based upon the strength of plaintiff's deed or whether upon the fact that on the date of the execution of the lease under which defendant held there was then a valid and subsisting lease upon the premises from Ben McFarland, the guardian of Alvin Nelson, or whether upon the fact that defendant's lease was an overlapping lease and void, or whether because of the failure of defendant to pay the rents due under his lease, if it was a valid lease, or whether the judgment is based upon all these reasons.

If the judgment was based upon any one of said reasons, same being sufficient to sustain the judgment, and there being evidence

to support it, the decree will not be reversed. The evidence in the case clearly warranted a judgment that plaintiff was entitled to possession by reason of defendant's failure to pay rent, and because of the fact that the judgment does not disclose which ground it is based upon, and since plaintiff in error has not pointed out the ground upon which it was based, we will not reverse the judgment when the record discloses sufficient grounds to sustain it. Gorman v. Carlock, 72 Oklahoma, 179 Pac. 38; Shawnee Life Ins. Co. v. Watkins, 53 Okla. 188, 156 Pac. 181; Tel. Co. v. Best, 56 Okla. 85, 155 Pac. 901.

The judgment is affirmed.