**HINES et al. v. OLSEN et al.**

No. 10780—Opinion Filed May 11, 1920.

Rehearing Denied June 8, 1920.

(Syllabus by the Court.)

1. **Appeal and Error—Review—Basis of Judgment—Evidence.**

Where a judgment does not disclose which of several grounds it is based upon, but is general in its terms, it will not be reversed if any one of such grounds is a valid basis for the judgment and there is sufficient evidence to sustain it upon such grounds.

2. **Evidence — Parol Evidence to Explain Deed—Boundaries.**

In a deed of land to a railway company for right of way, where the language used in describing the land, as to location and boundaries, is uncertain, and makes use of terms not commonly understood, parol testimony, for the purpose of explaining the location and boundaries and the technical meaning of terms used, is competent.

3. **Appeal and Error—Review—Judgment—Evidence.**

The judgment of a trial court, when not against the clear weight of evidence, should not be disturbed by this court.

Error from District Court, Okmulgee County; Mark L. Bozarth, Judge.

Injunction by Walker D. Hines, Director General of Railroads, and the St. Louis & San Francisco Railway Company against C. H. Olsen and another Judgment for defendants, and plaintiffs bring error. Affirmed.

W. F. Evans, R. A. Kleinschmidt, and Fred E. Suits, for plaintiffs in error.

Morgan, Pinkston & Hepburn, for defendants in error.

HARRISON, J This is an appeal from an order dissolving an injunction and dismissing the petition therefor.

The plaintiffs in error, Walker D. Hines, Director General of Railroads, who was made a party to the suit, and the St. Louis & San Francisco Railway Company obtained a temporary order restraining defendants in error from interfering with plaintiffs in error in the construction of what is denominated a spur track across a portion of lot 1, block 4, Rich Hill addition to the town of Henryetta, Oklahoma. Olsen and his wife owned lots 1 and 2 in said block. The Frisco Railway Company owned a line of track running diagonally across the northeast corner of lot 1, which cut off a small triangular tract on the northeast corner of said lot, and sought to appropriate said triangular tract to its own use and to lay thereon some additional spur tracks. Olsen and his wife, claiming said corner under their deed, had the railroad employes arrested, whereupon the railroad company obtained said temporary order in the district court, restraining Olsen and his wife from interfering with the railroad employes in their work upon said corner.

Upon the showing made in the petition for injunction, the court granted a temporary restraining order, but upon final hearing, at which oral testimony and the deeds and plats affecting said lots were introduced in evidence, the court dissolved the temporary order and dismissed the railroad company's petition, and from such action the railroad company appeals.

Plaintiffs in error contend that the gist of the case, the decisive point in the case, is whether a deed to the right of way to the railroad company by a Creek allottee of restricted lands must be approved by the Secretary of the Interior before it becomes valid. They further contend that, under the act of February 28, 1902, 32 Stat. L. 43, known as the "Enid and Anadarko Railway Act," railroad companies were authorized to obtain deeds for right of way across restricted lands, and that such deeds under the provisions of said act were valid without the approval of the Secretary of the Interior.

On the other hand, it is contended by defendants in error, first, that such a deed is not valid without the approval of the Secretary of the Interior; and, second, they deny that the validity of such a deed is the gist of this case, and urge that it is immaterial whether the railroad company's deed to its right of way was valid or not, for the reason that said deed did not cover or include any portion of the lots involved in this controversy, hence its validity was not the gist of the case.

This latter contention, it is very probable, is the view taken by the trial court and constitutes the ground upon which the tempor-

ary order was dissolved and the petition for injunction dismissed.

The journal entry does not disclose specifically the grounds upon which the court's judgment was based, but the question as to whether or not the railroad company owned any portion of said lots under its original right-of-way deed was made an issue in the trial, and both record and oral testimony was introduced upon such issue, and from the entire record of the testimony it is our opinion that the issue as to whether the railroad company had any title to any portion of said lot was the decisive issue in the case, and that upon the testimony introduced the order and judgment of the court would have been justified if based upon such grounds, whether specifically so stated or not (Duncan v. Galloway, 75 Okla. 125, 181 Pac. 939; Gorman v. Carlock, 72 Oklahoma, 179 Pac. 38; Shawnee Life Ins. Co. v. Watkins, 53 Okla. 188, 156 Pac. 181; Tel. Co. v. Best, 56 Okla. 85, 155 Pac. 901), and that it was immaterial whether the railroad company's original deed to the right of way across the Indian allotment was approved by the Secretary of the Interior or not, such right of way not including any portion of said lot.

It is shown by the record that the land in the deed from the allottee, Geo. W. Stidham, to the railroad company for right of way is described as follows:

"A hundred-foot strip being fifty feet on each side of the following described center line in the southwest quarter of the northeast quarter of the southeast quarter of section No. six (6) in township No. eleven (11) north, range thirteen (13) east, in the said Creek Nation, Indian Territory; beginning at a point on the present spur track five hundred and twelve feet (512') south from the head block on the main track of the Frisco R. C. said head block being M. P. 480.63; thence to a curve to the left whose radius is seven hundred and sixteen and 8/10 (716.8') feet to station 6x14; thence southwest to a tangent to the east line of section No. six (6) at station 14x10."

It also appears from the record that this deed, though executed by the allottee on September 16, 1902, was not filed for record until February 19, 1910, some time after proceedings herein were instituted.

It is also shown by the record that on April 18, 1906, the allottee and his wife, Jennie, conveyed the entire allotment, less the right of way, to the Henryetta Coal & Mining Company in a deed describing the property conveyed as follows:

"The northeast quarter of the southeast quarter, less 4.26 acres occupied as right of

way by the St. Louis, Oklahoma & Southern Railroad, of section 6, township 11 north, range 13 east, containing 115.44 acres, more or less."

This deed was recorded April 28, 1906.

It is also shown by the record that on August 23, 1906, the Henryetta Coal & Mining Company platted a portion of the land conveyed to it by the allottee into town lots, designated and filed of record as the Rich Hill addition to the town of Henryetta, Oklahoma, and that thereafter the lots in question were conveyed to one Joe Anthony, and subsequently conveyed by Joe Anthony to the defendants in error here.

The recorded plat of said addition shows a spur track of the Frisco railroad running diagonally across a portion of said addition and across the lots in question, and said plat also reserves a 25 foot right of way—that is, 12½ feet on each side of the center of said spur track—to the railroad company, and the deed to Joe Anthony to the lots herein and the deed to same from Joe Anthony to defendants in error herein were each made subject to said 25-foot right of way, as shown by the recorded plats on file.

The defendants in error herein disclaimed any rights in or to said 25-foot right of way, but did claim the triangular tract cut off on the northeast corner of lot 1 and not included in said 25-foot right of way.

There was testimony to the effect that the right of way conveyed by the allottee to the railroad company, as evidenced by the deed thereto, did not touch or include any portion of the lots in controversy, and this testimony, being competent for the reason that the allottee's deed to the railway company was not clear as to the exact location and boundaries of the right of way conveyed, and made use of descriptive terms not generally understood (Varner-Collins Hardware Co. v. New Milford Security Co., 49 Okla. 613, 153 Pac. 667; Eoff v. Lair, 63 Oklahoma, 163 Pac. 515), was sufficient evidence on this point to warrant the court in concluding that the railroad company had no right to any portion of the lots in question by reason of its deed from the allottee, and that if it had any right to any portion of said lots, such right was acquired by cession or otherwise from the mining company as shown by the recorded plat of said addition showing the railroad company to have a right to the 25-foot right of way across said lots for a switch track, and to warrant the court in further concluding that the owners of the lots were precluded from any rights to said 25-foot right of way, not because of

the deed from the original allottee to the railway company, but because their deed to the lots was made subject to said 25 foot right of way, and for the further reason that they disclaimed any right to said 25-foot right of way. Hence the conclusion of the court, not being against the clear weight of the evidence, should not be disturbed. Smith v. Skelton, 63 Oklahoma, 163 Pac. 268; Thomas v. Halsell, 63 Oklahoma, 164 Pac. 458. The judgment is therefore affirmed.

RAINEY, C. J., and KANE, PITCHFORD, JOHNSON, McNEILL, BAILEY, and RAMSEY, JJ., concur; HIGGINS, J., not sitting.