**HINES, Director General of Railroads, et al. v. BACON, County Treas.**

No. 10667—Opinion Filed May 16, 1922.

(Syllabus.)

**1. Appeal and Error—Basis of Judgment—Affirmance.**

Where a judgment does not disclose which of several grounds it is based upon, but is general in its terms, it will not be reversed if any one of such grounds is a valid basis for the judgment and there is sufficient evidence to sustain it upon such grounds.

**2. Same — Defective Process — Judgment Quashing Summons.**

Where plaintiffs' petition and the summons show and designate the plaintiffs as "Walker D. Hines, Director General of Railroads of the United States, and the Atchison, Topeka and Santa Fe Railway Company, a corporation," and the copy of the summons served upon the defendant designates the parties by whom he was sued as "Walter D. Haines, Director Gen. of R. R. of U. S. & AT&SF Ry. Co.," and the defendant appeared specially and presented a motion to quash the summons upon five different grounds, among which were "(2) that the copy of summons served upon the defendant is not a true copy of the purported summons issued in said cause," and "(4) for the reason that the said purported summons served upon the defendant does not sufficiently advise the defendant of the names of the persons or companies or corporations by whom he has been sued, and who are plaintiffs in said action," and the trial court entered a general judgment sustaining said motion, held, that the judgment of the trial court was not erroneous, and that the same should be affirmed.

Error from District Court, Ellis County; T. P. Clay, Judge.

Action by Walker D. Hines, Director General of Railroads of the United States, and the Atchison, Topeka & Santa Fe Railway Company against E. L. Bacon, County Treasurer, to recover taxes paid under protest. Judgment quashing summons, and plaintiffs bring error. Affirmed.

Cottingham, Hayes, Green & McInnis, for plaintiffs in error.

Harry C. Brownlee, County Attorney, for defendant in error.

JOHNSON, J. On January 20, 1919, plaintiffs commenced this action in the district court of Ellis county, Okla., for recovery of $466.28 taxes paid under protest by plaintiffs to the county treasurer of Ellis county, Okla., December 30, 1919. The purposes of this appeal do not necessitate setting forth this petition at length.

This action is brought under section 7, subd. B, art. 1, chap. 107, Sess. Laws 1915, p. 149, which provides that it shall be the duty of one claiming a tax to be illegal, having no remedy by appeal, to pay the full amount of the tax at the time required by law, and to give notice to the collecting officer setting forth the grounds of complaint

and advising that suit will be brought for the recovery of the payment so made under protest. Quoting literally this section of the statute further provides.

"It shall be the duty of such collecting officer to hold such taxes separate and apart from all other taxes collected by him for a period of thirty days, and if within such time summons shall be served upon such officer in a suit for recovery of such taxes, the officer shall further hold such taxes until the final determination of such suit."

On January 20, 1919, summons issued returnable January 30, 1919, and setting answer date March 1, 1919. This summons was served January 20, 1919. It will be observed that the petition was filed, summons issued, and service had within 30 days after December 30, 1919, the date on which the protested payment of taxes was made. A copy of the summons with the return of service, as set forth, omitting the caption, follows:

"The State of Oklahoma, to the Sheriff of Ellis County. Greeting:

"You are Hereby Commanded to Notify E. L. Bacon, Co. Treasurer, Ellis County, Okla., that he has been sued by Walker D. Hines Director Gen. of R. R. U. S. & A. T. & S. F. Ry. Co., in the district court sitting in and for said county of Ellis, and that unless he answer by the 1st day of March, A. D. 1919, the petition of the said Walker D. Hines, Director Gen. of R. R. of U. S. & A., T. & S. F. Ry. Co., against said defendant filed in the clerk's office of said court, such petition will be taken as true and judgment rendered accordingly.

"You will make due returns of this summons on the 30th day of Jan. A. D. 1919.

"Witness my hand and seal of said court affixed at my office in Arnett, this 20th day of Jan. A. D. 1919.

"R. H. Elder, Court Clerk.
"By Chloe Dean, Deputy.
"Seal. (
"State of Oklahoma, County of Ellis, ss.

"Received this Writ Jan. 20th, 1919, and as commanded therein I summoned the following persons of the defendants within named at the times following, to wit:

"E. L. Bacon, Co. Treasurer, Jan. 20th, 1919, by delivering to each of said defendants personally, in said county, a true and certified copy of the within summons, with all indorsements thereon.

"R. F. Bradshaw, Sheriff.
"James Haslem, Deputy."

On February 28, 1919, after the expiration of the 30 days' period, the defendant filed

his special appearance and motion to quash summons and set aside service, which, omitting signature, is as follows:

"In the District Court of Ellis County, State of Oklahoma.

"No. 1804.

"Walker D. Hines, Director General of Railroads of the United States, and the Atchison, Topeka and Santa Fe Railway Company, a Corporation, Plaintiffs.

vs.

"E. L. Bacon, County Treasurer of Ellis County, State of Oklahoma, Defendant.

"Special appearance and Motion to Quash Summons and Set Aside Service.

"Comes now the defendant, appearing personally and for the purpose of this motion only, and moves the court to quash, set aside and hold for naught, the summons and purported service thereof in the above entitled cause, for the reason that the same was not issued, served and returned according to law, and is insufficient to confer jurisdiction on this court for the following reasons, to wit:

"First. For the reason that the certified copy of said purported summons, shown by the sheriff's return to have been served upon E. L. Bacon, Co. Treasurer, on Jan. 20, 1919, which is attached hereto and made a copy of this motion marked Exhibit "A," fails to show that said summons was issued under the seal of said court.

"Second. For the reason that the said copy of said summons hereto attached as aforesaid, is not a true copy of the purported summons issued in said cause.

"Third. For the reason that the return of the sheriff to said purported summons, fails to show that service thereof was made upon E. L. Bacon, County Treasurer of Ellis County, State of Oklahoma, the defendant above named.

"Fourth. For the reason that said purported summons does not sufficiently advise the defendant of the names of the persons or companies or corporations, by whom he has been sued and who are plaintiffs in said action.

"Fifth. For the reason that the copy of said alleged summons aforesaid, does not show under the hand of the clerk of said court, the amount for which judgment will be taken if defendant fails to answer."

This motion bore verification by the defendant county treasurer, and to it was attached as an exhibit an exact copy of the original summons, except (a) the name of Walker D. Hines appeared as "Walter D. Haines," (b) the copy did not bear the seal as did the original, and (c) in making the

copy the sheriff failed to copy the signature of the clerk under the indorsement of the amount sued for.

April 7, 1919, the district court entered the following judgment sustaining this motion:

"Now on this 7th day of April, 1919, being one of the regular judicial dates of the regular April term, 1919, of said court, the above cause came on for hearing on the special appearance and motion of the defendant to quash the summons and set aside the purported service thereof in said cause, the plaintiffs appearing by their attorney, C. B. Leedy, and the defendant appearing by Harry C. Brownlee, county attorney of said Ellis county; and the court having heard the reading of said motion, and the argument of counsel for both parties, finds that the said motion is well taken and that the same should be, and said motion is hereby sustained by the court, and the said summons in said cause, together with the purported service thereof, is hereby quashed, set aside and held for naught; to which ruling of the court the plaintiffs except, and exceptions are allowed by the court.

"Thereupon the plaintiff elects to stand upon the service and summons and gives notice of appeal to the Supreme Court, said notice of appeal was made orally in open court and at the request of the plaintiff the court allowed the plaintiffs 30 days in which to prepare a transcript for appeal to the Supreme Court in said cause."

The plaintiffs in error's petition contains the following specifications of error:

"(1) That said district court erred in its said order and judgment sustaining the said motion to quash the said summons, and in setting aside said summons, to which plaintiffs, here plaintiffs in error, duly excepted at the time.

"(2) That said court erred in not overruling the said motion to quash summons, to which said plaintiffs in error at the time excepted."

Concerning which counsel say in their brief:

"From the above it will be observed that the action of the court in quashing the summons and return of service, if sustained, because of the expiration of the 30 days, would release the sequestration of this fund, so that if sustained, the county treasurer would be at liberty to distribute it, leaving no money available for the payment of any judgment that we might recover. To all practical intents and purposes, therefore, the action of the court below, if sustained by this court, terminates this suit; and this appeal presents for review the error of the trial court in sustaining the motion to quash summons and set

aside service. * * * For reversal the plaintiffs in error rely upon the specification of error contained in the petition in error that the district court erred in sustaining the motion of the defendant to quash summons and set aside the service thereof."

This presents but one question for our consideration, which is purely an unmixed question of law. As we have seen, the defendant's motion to quash the summons contained the grounds: (1) That the purported copy of the summons and the sheriff's return failed to show that the summons was issued under the seal of the court; (2) that said copy is not a true copy of the purported summons issued in the cause; (3) that the return of the sheriff failed to show service upon E. L. Bacon, county treasurer of Ellis county, state of Oklahoma; (4) the purported summons does not sufficiently advise the defendant of the names of the persons, or companies or corporations, by whom he has been sued, and who are plaintiffs in said action; (5) that the alleged summons does not show under the hand of the clerk of said court the amount for which judgment will be taken if defendant fails to answer. The trial court rendered a general judgment sustaining the defendant's motion to quash the summons.

This court, in the case of Dunkin v. Galloway, 75 Okla. 125, 181 Pac. 939, stated as follows:

"Where a judgment does not disclose which of several grounds it is based upon, but is general in its terms, it will not be reversed if any one of such grounds is a valid basis for the judgment and there is sufficient evidence to sustain it upon that ground."

To the same effect was Hines et al. v. Olson et al., 78 Okla. 259, 190 Pac. 266.

Section 4705, Rev. Laws 1910, provides:

"The summons shall be issued by the clerk, upon a written praecipe filed by the plaintiff; shall be under the seal of the court from which the same shall issue, shall be signed by the clerk, and shall be dated the day it is issued. It shall be directed to the sheriff of the county, and command him to notify the defendant or defendants, named therein, that he or they have been sued, and must answer the petition filed by the plaintiff, giving his name, at a time stated therein, or the petition will be taken as true and judgment rendered accordingly: and where the action is on contract for the recovery of money only, there shall be indorsed on the writ the amount, to be furnished in the praecipe, for which, with interest, judgment will be taken if the defendant fail to answer. If the defendant fail to appear, judgment shall not be rendered for a larger amount and the costs."

The mode of service of summons is specified in section 4711, Rev. Laws 1910, as follows: :

"The service shall be made by delivering a copy of the summons to the defendant personally or by leaving one at his usual place of residence with some member of his family over 15 years of age, at any time before the return day."

In the case of State ex rel. Collins v. Parks, Judge, 34 Okla. 335, 126 Pac. 242, it is stated in the body of the opinion as follows:

"It is the duty of attorneys and clerks to be familiar with the method of proceeding to get defendants into court. It should not be considered a hardship to require that the statute prescribing the method by which a defendant is brought in to answer should be strictly followed. Courts should not be expected to construe plain statutes so as to relieve plaintiffs of the duty of following them as written. A plaintiff desiring to summons a defendant to answer in a court of record has full opportunity to ascertain what is necessary in order to make the summons comply with the law. A defendant cannot be brought into court except as the law directs."

Again, in Sealey v. Smith et al., 81 Okla. 97, 197 Pac. 490, this rule is stated in syllabus 1 as follows:

"'Statutes prescribing the manner of service of summons are mandatory and must be strictly complied with in order to vest the court with jurisdiction."

An inspection of the record discloses that the plaintiff's petition gave the style of the case in the caption as follows:

"Walker D. Hines, Director General of Railroads of the United States and the Atchison, Topeka and Santa Fe Railway Company, a corporation, plaintiffs, vs. E. L. Bacon, County Treasurer of Ellis County, State of Oklahoma, defendants."

The copy of summons left with the defendant was as follows:

"The State of Oklahoma, to the Sheriff of Ellis County, Greeting:—

"You are Hereby Commanded to Notify E. L. Bacon, Co., Treasurer, Ellis County, Okla., that he has been sued by Walter D. Haines, Director Gen. of R. R.. of U. S. & AT & SF Ry.· Co., in the district court sitting in and for said County of Ellis, and that unless he answer by the 1st day of March. A. D. 1919, the petition of the said Walter D. Haines, Director Gen. of R. R. of U. S. & AT & SF Ry. Co., against said defendant filed in the clerk's office of said court, such petition will be taken as true and judgment rendered accordingly.

"You will make return of this summons on the 30 day of Jan. A. D. 1919.

"Witness my hand and seal of said court affixed at my office in Arnett, this 20 day of Jan. A. D. 1919.

"R. H. Elder, Court Clerk.

"By Chloe Dean, Deputy."

We think that the summons was fatally defective for the reasons stated in the second and fourth paragraphs of the defendant's motion to quash; (2) that the copy of summons served upon the defendant is not a true copy of the purported summons in said cause; (4) for the reason that said purported summons does not sufficiently advise the defendant of the names of the persons or companies or corporations by whom he has been sued, and who are plaintiffs in said action.

The plaintiffs' petition and the original summons showed that the plaintiffs in the action were "Walker D. Hines, Director General of Railroads of the United States, and the Atchison, Topeka and Santa Fe Railway Company, a corporation," while the copy of the summons served upon the defendant showed that he was sued by "Walter D. Haines, Director Gen. of R. R. of U. S. & AT&SF Ry. Co."

Having reached the conclusion announced, it follows that the judgment of the trial court sustaining the defendant's motion to quash the summons was not erroneous, and this being the sole question for our determination, it is ordered that the judgment of the trial court be affirmed.

McNEILL, MILLER, KENNAMER, and NICHOLSON, JJ., concur.