**DISCH et al. v. EMMONS et al.**

No. 15110—Opinion Filed Sept. 23, 1924.

(Syllabus.)

**1. Appeal and Error—Review—Findings—Conclusiveness.**

Where a trial court, exercising the powers of a chancellor, makes a special finding of facts as to each material issue made by the pleadings, a judgment based thereon will not be reversed by this court unless such findings are against the weight of the evidence.

**2. Same.**

Record examined, and the facts found by the trial court held not to be against the weight of the evidence.

Error from District Court, Washington County; H. C. Farrell, Judge.

Action by Samuel Disch and others against Mayme Emmons and others. Judgment for defendants, and plaintiffs bring error. Affirmed.

Arthur Fitzpatrick for plaintiffs in error.

J. R. Charlton, for defendants in error.

HARRISON, J. This was an action by Samuel Disch and other alleged resident taxpayers in consolidated school district No. 18, in Washington county, against the school board of said district, to enjoin the issuance and sale of certain school bonds alleged to have been fraudulently voted by said district in an election held prior to the institution of this suit; the principal grounds being irregularities and fraud in said bond election and invalidity of the proceedings and order by which said district had been consolidated and formed.

The cause was tried to the court, and at the conclusion of the evidence plaintiff asked that the court make special finding of facts from the evidence upon the issues made

by the material allegations in the pleadings. Inasmuch as the court made a specific and definite finding of facts as to each material allegation, it will suffice to set forth the court's finding of facts and conclusions of law, without setting forth the allegations in the petition.

"Findings of Fact."

"The court finds from the evidence adduced on the trial that consolidated school district No. 18 held an election on April 18, 1923, to vote on the issuance of bonds; that notices of said election were posted in accordance with law, and containing the following qualifications of electors of said election: 'Qualified electors for this election are all persons, male or female, over the age of 21 years of age, citizens of the United States, and who have resided in this state one year, in said county six months, and in his or her election precinct 30 days next preceeding the election hereby voted, and who are not within the excepted classes enumerated in sec. 1, article 3, of the Constitution of this state'; that a verified census of the persons between the ages of six years and 20 years actually residing in said district was taken within three months previous to said election and that said census showed more than eight persons residing therein between such ages; that said election was held in Vera, Okla., on April 18th, 1923; that one Doan was appointed challenger and that said Doan challenged all voters he had reason to believe not qualified.

"The court finds that the election board carefully and fairly counted the votes cast, and that the vote was 156 votes for the bonds and 101 votes against the bonds.

"The court finds that said election was conducted in a fair manner and no fraud perpetrated; that of the seven voters that plaintiffs claim were illegally deprived of their votes, the court finds that Robert Wooten and his wife had been residents of Washington county for a short time over three months; that said Wooten and his wife did not offer to vote at this election; that if they had voted, they would have voted against the bonds; that Walter Kannedy and his wife were qualified voters at said election, but at the time were temporarily cut out of the county; that Kannedy offered to vote, but upon being challenged, refused to sign the affidavit as to his qualifications; Mrs. Kannedy did not offer to vote; both would have voted against the bonds; that Jackson and his son offered to vote, both were challenged, and Jackson signed the affidavit as to his qualifications and voted. His son did not sign the affidavit and was not allowed to vote.

"There is no evidence as to how Jackson's son would have voted or as to whether or not he was a qualified voter. Sam Daniels offered to vote, he was challenged and refused to sign the affidavit as to his

qualifications. There is no evidence as to whether he was a qualified voter, or how he would have voted.

"The court finds that the petitions to the county superintendent for the formation of consolidated district were not changed or altered after they were signed by the signers thereof; that they were made out separately for each district before being circulated for signers.

"The court finds further that the report of the election for consolidation was filed with the county superintendent; that the county superintendent upon receiving said report, declared said districts 17 and 18 disorganized and the consolidated district 18 organized; that said report of the election and order declaring consolidation of said districts were filed in the county superintendent's office, but were afterwards lost."

"Conclusions of Law."

"The court finds as a matter of law that the election on the bond issue was conducted fairly and legally and that no fraud was perpetrated; that the necessary majority of legal votes was cast for said bonds; that the notices posted for said election properly stated the legal qualifications of voters at such elections; that Kannedy and his wife were qualified electors; that Kannedy was not entitled to vote at this election, even though qualified, when he refused to make the affidavit as to his qualifications when challenged by the challenger; that Mrs. Kannedy was not refused the right to vote as she did not offer to vote; that the Wootens were not qualified electors and that they did not offer to vote, consequently were not refused a vote; that the Jackson boy was not shown to be qualified, that he was challenged and did not make the affidavit as to his qualifications, consequently he had no right to vote. The same is true of Sam Daniels. There is no evidence as to the last two as to how they would have voted if they had been permitted to do so.

"The court holds as a matter of law that the qualifications to vote in said election were as set out in the notices hereinabove set forth; that no voter can complain of not being allowed to vote unless such voter presents himself and offers to vote, and if he is then challenged. subscribe to the affidavit as to his qualifications. For the foregoing reasons, the court finds that no one entitled to vote was refused the right to vote.

"As to plaintiffs' second cause of action, the court finds that said consolidation was legal and all of the necessary steps required by law were complied with; that in addition thereto, that plaintiffs or any one who felt aggrieved at the action of the county superintendent could have appealed from the action of said county superintendent; that they had a plain and adequate remedy at law, and this suit is not proper. For the above and foregoing reasons the court finds for the defendant and against the plaintiffs, and the relief prayed for by plaintiffs is denied.

"Costs are assessed against the plaintiffs.

"H. C. Farrell,

"Judge of the District Court."

Plaintiffs have appealed upon the following assignments of errors, to wit:

"(1) The court erred in refusing the continuance asked for by plaintiff.

"(2) The court erred in refusing to allow affidavits for continuance to be introduced as evidence, which were offered by plaintiff.

"(3) The court erred in refusing a recount of the ballots used in the election in district 18, which is the important point in controversy.

"(4) That the finding of facts by the court is contrary to the weight of the evidence.

"(5) That the finding of facts and conclusions of law are erroneous and contrary to the law.

"(6) The court erred in excluding evidence offered by plaintiff and erred in admitting evidence offered by defendants.

"(7) The court erred in refusing to hold that there was no consolidation of districts 17 and 18 and erred in holding that the alleged petitions were sufficient.

"(8) The court erred in holding that the challenged voters should have signed the affidavit as to their qualifications.

"(9) The court erred in overruling the motion for a new trial on the part of plaintiff."

Plaintiffs in error do not argue the alleged errors in the order in which they are assigned, nor do they definitely argue them at all, but argue, first, that the proceeding for injunction is a proper remedy for the relief sought. This contention is not controverted by defendants and seems to have been recognized as a proper proceeding by the court, and is therefore not involved in the appeal.

Complaint is also made of the refusal of the court to order a recount of the ballots at the bond election, plaintiffs contending that the alleged irregularities and fraudulent acts could have been better ascertained by a recount of the ballots.

Complaint is also made that the returns were made by three unauthorized and two authorized persons.

The remainder of the brief of plaintiffs in error is devoted principally to a discus-

sion of facts alleged in their petition, except that in the conclusion it is suggested that this is a court of chancery which may review and weigh the evidence, which suggestion as been well taken by the court and the record read.

As heretofore stated, the facts found by the court are sufficient to a full understanding of the material allegations in the petition, and from a reading of the record we cannot say that the court's finding as to any material fact is against the weight of the evidence. Nor do we perceive any substantial error in the court's conclusions of law and judgment. In such case the finding and judgment will not be disturbed. Rush Springs v. Bently, 75 Okla. 119, 184 Pac. 664; Nelson v. Golden, 84 Okla. 29, 202 Pac. 308; Hines v. Olsen, 78 Okla. 259, 190 Pac. 266.

From a reading of the record, it is our conclusion that the finding of facts is not against the weight of the evidence and that the conclusion of law and judgment are applicable to and responsive to the facts found.

The judgment is affirmed.

McNEILL, C. J., and BRANSON, JOHNSON, and GORDON, JJ., concur.