### No. 780.

DANIEL MCDANIEL *v.* ANGELINA STOVAL, WIFE, et als..

Where the suit is brought on a mortgage note against the drawers thereof and the indorser who transferred it to plaintiff, and to enforce the plaintiff's hypothecary action against the property mortgaged, which is in the hands of third persons, the defendants in this case, and it appears that, before the act of mortgage was recorded in the mortgage records of the parish, the purchaser against whom the mortgage existed, exchanged the property for another with D, who was a witness to the original act of sale, and whom defendants have called in warranty;

Held—that, D being a witness to the act of mortgage was not a third person in the sense in which the terms are used in articles 3342, 3343, C. C.

Besides, it appears that the mortgage was recorded long before the property was acquired by defendants.

APPEAL from the Eighth Judicial District Court, parish of St. Landry. *E. T. Lewis*, acting judge. *James M. Moore*, for plaintiff and appellee. *H. L. Garland*, for defendant and appellant.

LUDELING, C. J. This is an action against the makers and indorser to enforce payment of a mortgage note, executed by John S. Barlow, and A. J. Barlow, in favor of J. B. Fontenot, who indorsed it to plaintiff, and to enforce the plaintiff's hypothecary rights against the property mortgaged, which is in the hands of third persons.

The answers are general denials, with a case in warranty on the part of Mrs. Stoval.

There was a judgment in favor of the plaintiff against the makers, and indorser for the amount claimed, and making the mortgage executory against the mortgaged premises in the hands of Angelina Stoval and her husband. The third possessors alone have appealed.

The only question involved in this case is, whether or not the mortgage aforesaid can have effect against the third possessors.

On the twentieth of February, 1857, Jean B. Fontenot sold to John S. Barlow the property, now in the possession of Mrs. Stoval and her husband. To secure the payment of the price, a mortgage was retained on the property. This act was not recorded in the mortgage records of the parish until the thirteenth of September, 1858..

In the meantime, to wit, on the fourth of November, 1857, the purchaser of this property exchanged it for another piece of property, with James McDaniel, who was a witness to the original act of sale between Fontenot and Barlow. The appellants contend that inasmuch as the mortgage was not registered until after the purchaser had transferred it to McDaniel, the mortgage could have no effect against them. We think otherwise. McDaniel was a witness to the act of mortgage—he is not a " third person " in the sense in which the terms are used in article 3342 of the Civil Code, C. C., 3343.

And long before the appellants had acquired the property, the mortgage was duly registered; and it has been kept in force by reinscription. There is no error in the judgment.

It is therefore ordered and adjudged that the judgment of the lower court be affirmed with costs of appeal.

Rehearing refused.