## No. 900.

### Daniel McDaniel vs. Dominique Lalanne et al.

On the twentieth of February, 1857, Fontenot sold to Barlow the property covered by the mortgage in question in this suit. This act was not recorded till the thirteenth of September, 1858.

On the fourth of November, 1857, Barlow exchanged the property for another piece of property with McDaniel, who was a witness to the act of sale from Fontenot to Barlow, in which the mortgage was created on the property.

On the seventh day of February, 1859, McDaniel transferred two undivided thirds of this property to Reed and Fontenot. Thus, it is evident that when McDaniel alienated the property the mortgage had been duly recorded and bound his transferees. But McDaniel was a witness to the act of mortgage, and therefore *a party* to the act, and registry was not necessary to bind him.

Article 3344 of the Civil Code creates no exception in this matter. Article 3342 declares; ":But these mortgages are only allowed to prejudice *third* persons when they have been publicly inscribed in records kept for that purpose," etc.

Article 3343 defines who the *third* parties referred to are; and article 3344 declares; " Consequently neither the contracting parties; nor their heirs, nor those who were witnesses to the act by which the mortgage was stipulated .can take advantage of the non-inscription of the mortgage." Thus they are affected by the mortgage, notwithstanding its non-inscription, not because of their knowledge of its existence, as assumed by defendants in this case, but because they are not *third* parties.

The transferees of McDaniel, in examining the chain of title to him, must have seen that he was a witness to the act of mortgage, which was duly recorded when they acquired title from him; and all persons are presumed to know the law.

It is impossible to see why a *third* possessor of mortgaged property should not plead prescription against the mortgage note, although a judgment has been rendered on the note against the debtor. He was no party to the suit, and his rights were not affected by the judgment.

If the mortgage note was prescribed when the suit against the debtor was instituted, the mortgage was dead; for the accessory obligation perishes with the prescription of the principal obligation, and it was not in the power of the debtor·or. of the court to revive the mortgage affecting property in the hands of third persons.

The acts interrupting prescription which plaintiff offered to prove by parol were not done by the deceased debtor, but by his administrator after his death, and the rule of law invoked was inapplicable. Therefore the judge *a quo* erred in rejecting the evidence.

APPEAL from the Eighth Judicial District Court, parish of St. Landry. *Laurent Dupré,* Acting Judge. *J. M. Moore,* for plaintiff and appellant. *Henry L. Garland,* for defendant and appellant. *Martel & Hudspeth* and *Lewis & Bro.,* for warrantors.

LUDELING, C. J. This is an hypothecary action to enforce payment of a mortgage note executed by J. B. A. Fontenot for a portion of the price of the property a part of which is now in the possession of the defendants, Dominique Lalanne and Etienne Forest. Etienne Forest filed for answer a general denial, and called Theodule Fontenot and the estate of Barlow in warranty, to defend this suit.

The answer of Lalanne is a general denial and a call in warranty of his vendor, David Morgan, and of John Reid and Theodule Fontenot, Morgan's vendors. The demand for a money judgment against the warrantors was reserved.

Benjamin Woodworth and wife, representing David Morgan's estate, Theodule Fontenot, John Reed, and Elisha Andrus, administrator of the estate of John S. Barlow, deceased, answered the case in warranty and denied all the allegations of the plaintiff's petition. Subsequently, the prescription of five and ten years against the plaintiff's demands was pleaded.

The lower court sustained this plea and dismissed the suit.

On the twentieth of February, 1857, Jean B. Fontenot sold to John S. Barlow the property covered by the mortgage in question. This act was not recorded till the thirteenth of September, 1858.

McDaniel vs. Lalanne.

On the fourth of November, 1857, Barlow exchanged the property for another piece of property with McDaniel, who was a witness to the act of sale to Barlow in which the mortgage was created on the property. On the seventh day of February, 1859, McDaniel transferred two undivided thirds of this property to Reed and Fontenot. Thus it is evident that when McDaniel alienated the property, the mortgage had been duly recorded and bound his transferees.

McDaniel was a witness to the act of mortgage, and, therefore, *a party* to the act. C. C. 3342, 3343, and 3344. And registry was not necessary to bind him.

But the defendants say that the exception to the rule that registry is necessary to affect *third* parties, created by article 3344 C. C., can not be extended. We do not believe that article 3344 creates any exception. Article 3342 declares: "But these mortgages are only allowed to prejudice *third persons* when they have been publicly inscribed on records kept for that purpose, and in the manner hereinafter directed." Article 3343 defines who the *third persons* referred to in article 3342 are, and article 3344 declares: "Consequently, neither the contracting parties, nor their heirs, nor those who were witnesses to the act by which the mortgage was stipulated, can take advantage of the non-inscription of the mortgage."

They are affected by the mortgage, notwithstanding its non-inscription, not because of their knowledge of its existence, as assumed by defendants, but because they are not *third parties*. And the transferees of McDaniel, in examining the chain of title to him, must have seen that he was a witness to the act of mortgage, which was duly recorded when they acquired title from him, and all persons are presumed to know the law.

Another question to be decided is, can a third possessor of mortgaged property plead prescription against the note, although a judgment has been rendered on the note against the debtor?

We are unable to perceive why he should not be allowed to plead prescription in such a case. He was no party to the suit, and his rights were not affected by the judgment. If the note were prescribed when the suit against the debtor was instituted, the mortgage was dead, for the accessory obligation perished with the prescription of the principal obligation, and it was not in the power of the debtor, or of the court, to revive the mortgage affecting property in the hands of third persons. Besides, the textual provisions of the court declare that: "Creditors and *all other persons* who may have an interest in the acquiring of an estate, or *the extinguishment of an obligation by prescription*, shall have a right to plead it, even in case the person claiming such estate, or bound

by such obligation, should renounce such right of prescription." C. C. 3466.

The case in 13 An. 205, cited, is not in point, and what was said on this subject in the case in 2 An. p. 367, King vs. Hickey, is not approved. See 8 An. 504; 16 An. 345; C. C. 3466.

The note was due on the first of January, 1859, and the suit was instituted on the tenth of December, 1866. It was prescribed, unless the current of prescription had been interrupted. This the plaintiff offered to prove, but he was not allowed to do so. The plaintiff offered to prove by parol that payments had been made on the note by the administrator of the deceased debtor, which was objected to on the ground that it was inadmissible to prove an interruption of prescription of a debt of a dead person by parol.

The court a qua erred.

The acts interrupting prescription, which plaintiff offered to prove, were not done by the deceased debtor, but by his administrator after his death, and the rule of law invoked was inapplicable. R. S., section 1442.

It is therefore ordered that the judgment of the lower court be reversed, and that the case be remanded to be proceeded with according to the views herein expressed, and that appellees pay costs of suit.