### BROWN v. DAVID et al.*

No. 4173.

Court of Appeal of Louisiana. Second Circuit, Second Division.

May 4, 1932.

Fraser & Carroll, of Many, for appellant.

J. S. Pickett, of Many, and Wm. C. Peques, Jr., of Mansfield, for appellee.

STEPHENS, J.

This is a suit to recover $216, the alleged balance due under the terms of a contract of carriage. In order to enforce the payment of the amount sued for, the plaintiff is attempting to assert a carrier's privilege on the property transported, and has provoked the issuance of a writ of sequestration and caused said property to be seized thereunder.

The defendants moved to dissolve the writ of sequestration. The motion was tried and overruled by the district judge.

The defendant Allison then answered denying any alleged contractual relations with the plaintiff, or that he was indebted to him in any sum; but admitted the ownership and possession of the property transported.

A trial resulted in a judgment against the defendant Tom David, on default, and as prayed for, but rejecting plaintiff's demands against the defendant Allison, except in so far as the property under seizure might be affected by the recognition and enforcement of plaintiff's lien and privilege.

The defendant Allison prosecutes this appeal.

The facts developed on the trial of the case are as follows:

The plaintiff agreed orally to move a drilling rig and its appurtenances for the defendant Tom David, from a point near El Dorado, Ark., to a location known as the Joe Smith lease, in Sabine parish, La. The price agreed to be paid for the service rendered was $356. The contract was entered into by the plaintiff and the defendant David in the presence of the defendant Allison. At the time the contract was entered into, which was on or about October 18, 1930, Allison was the owner of the rig, but it was under lease to David for his use on the new location in Louisiana. Allison not only acquiesced in the arrangement to transport the rig, but was actually interested in its removal to the new location in order that he might carry out the contract of lease with David. The plaintiff completed the removal of the rig on October 22, 1930, and received the sum of $140 of the agreed price, leaving a remainder due of $216, the amount herein sued for.

The well in Sabine parish upon which David had used the rig was abandoned as a dry hole and the rig was thereafter leased to the Packard Oil & Gas Company.

The ownership and possession of the rig was in Allison at the time of the institution of this suit, and at no time had been relinquished since the contract of carriage was entered into.

The plaintiff did not allege nor attempt to prove the recordation of a carrier's lien or notice thereof.

The plaintiff's judgment is final as against David, as he did not appeal; and the judgment rejecting plaintiff's demands for a personal judgment against Allison is likewise final, as the plaintiff did not appeal nor answer the appeal of Allison.

Therefore, the sole issue presented for review is the correctness of the finding of the district court that the rig, admittedly the property of Allison, was subject to the carrier's lien and privilege in favor of the plaintiff.

The claim of plaintiff that he is entitled to a carrier's privilege on the rig is founded on article 3217 of the Civil Code, the pertinent parts of which read as follows:

"The debts which are privileged on certain movables, are the following: * * *

"9. The carrier's charges and the accessory expenses, on the thing carried, including necessary charges and expenses paid by carriers. * * *"

In oral argument, the counsel for Allison contended that the quoted article conferred the privilege on common carriers only; but this position, which we think was without merit, seems to have been abandoned, as it is not mentioned in brief. The same contention was made in Kocke v. Garnier, 15 La. App. 461, 131 So. 198. The Court of Appeal, First Circuit, ably discussed the question in that case and held that the privilege granted by the article extended alike to both private and common carriers.

The counsel for Allison now content themselves in the position that as the carrier's privilege was not recorded, it could not affect the property of Allison, a third person with reference to the transaction.

In order to dispose of this contention, it is not necessary to determine whether it is essential as a matter of law for a carrier's

privilege to be recorded in order to affect third persons, for the reason that Allison was not a third person within the meaning of that expression in articles 3273, 3274, and 3347 of the Civil Code.

Allison was present when the contract of carriage was entered into. He was a witness to the agreement. A witness to an act of mortgage is not a third person with reference thereto, in the meaning of the cited articles. McDaniel v. Lalanne, 28 La. Ann. 661; Daniel McDaniel v. Stoval et al., 25 La. Ann. 495; Civ. Code, arts. 3343, 3344.

The articles referred to apply to both mortgages and privileges. Therefore Allison, a witness to the agreement, was not a third person with reference to the privilege which arose therefrom as a legal consequence.

We are further of the opinion that Allison cannot be considered a "third person" for another reason. He consented to the contract of carriage. He knew (or is presumed to have known) that a privilege existed in favor of the carrier and against the property transported, for the payment of carriage charges. The privilege was neither expressly nor impliedly waived by the carrier.

It must be presumed that if he consented to the contract of carriage, he also consented to the imposition by law of the privilege which is an incident thereof. If the privilege arose as a result of his consent and the transportation of the property inured to his benefit (the evidence shows that it did), it cannot be reasonably contended that he is a third person with reference to the transaction.

For the reasons assigned, we think the judgment appealed from is correct, and it is affirmed.