## REEVES v. G. & G. PUMPING CO. (INGER-SOLL-RAND, Inc., Intervener).

### No. 4631.

Court of Appeal of Louisiana. Second Circuit.

Jan. 3, 1934.

Bryan E. Bush, of Shreveport, for appellant.

Fraser & Carroll, of Many, for appellee.

DREW, Judge.

On August 11, 1932, plaintiff filed this suit against the G. & G. Pumping Company, alleged to be domiciled in Jackson, Miss., for the sum of $120, with 5 per cent. per annum interest from April 17, 1932, until paid. He alleged that on April 6, 1932, he moved from Zwolle, La., to the Coats-Hale Lease, an air compressor, for which service he is due $60, and on April 17, 1932, he hauled another air compressor from Zwolle to the same lease, for which he is due $60. He claimed a carrier's lien and privilege on the two compressors transported by him. At the same time he had issued a writ of attachment on the ground that defendant was a nonresident, and the property was seized under the writ on April 12, 1932.

Ingersoll-Rand, Incorporated, intervened in the suit, alleging that on March 30, 1932, it sold to defendant the property on which plaintiff is claiming a carrier's lien and privilege and which he had attached. The purchase price was $13,175, represented by one chattel mortgage note due one year after date; that said act of mortgage was recorded in the mortgage records of Sabine parish on April 1, 1932; that on July 6, 1932, no part of the purchase price having been paid, defendant resold and transferred to intervener the same property for the consideration of the cancellation of the purchase price. The transfer was by an instrument acknowledged on July 14, 1932, and accepted by intervener on July 30, 1932; that intervener did not remove the property from the lease on which it was located for the reason that it had a prospective sale for same and did not desire to go to the expense of reshipping it to its warehouse in Dallas, Tex.

In the alternative, it alleged that if the court should find it not to be the owner of the property by virtue of the resale of it by defendant, then it shows that its vendor's lien and chattel mortgage should be recognized and enforced as a superior lien to the purported lien asserted by plaintiff.

In answer to the petition of intervention, plaintiff alleged that the agents and representatives of intervener employed him to transport the machinery from Zwolle to the location on the lease, with instructions that same was for the account of defendant; that the agents and employees of intervener were in charge of the transporting, hauling, and erecting of said machinery for defendant; that intervener, through its agents and employees, was a party to the contract of hauling and is bound by and estopped from denying plaintiff's carrier's lien and privilege.

Defendant made no appearance in the case, and after trial judgment was rendered in favor of plaintiff recognizing its carrier's lien and privilege, and rejecting intervener's demands; the judgment against defendant being on confirmation of default at the time of trial of the intervention. From this judgment intervener has prosecuted this appeal.

The defendant was engaged in the production of oil in Sabine parish, La., and on March 30, 1932, purchased two air compressors from intervener, for a sum of $13,175; the purchase price being represented by a chattel mortgage note due 12 months after date. The chattel mortgage was duly filed and recorded on April 1, 1932, in Sabine parish, La., where the two air compressors were to be located. When the machinery arrived it was hauled from Zwolle to the lease by plaintiff, the hauling being done on April 4 and 17, 1932. The compressors were set up by defendant under the supervision of an agent or employee of intervener, and were used by defendant until the early part of July, 1932, when the wells and lease were abandoned by defendant. No part of the purchase price had been paid, and by a written instrument the defendant resold to intervener the machinery for a consideration of the cancellation of the purchase price.

This instrument was executed by defendant on July 14, 1932, and accepted by intervener on July 30, 1932. The suit of plaintiff was filed twelve days later.

Intervener did not remove the property from the lease at once, but immediately after it had reacquired the property from defendant, it put two salesmen in the field in an attempt to dispose of it to other operators in the same oil field. The expense of removing this heavy machinery would have been great, as is shown by the price charged by plaintiff for hauling it from Zwolle to the lease, and the testimony shows that intervener had prospective buyers then in the same field.

Plaintiff contends that the act of sale was not complete for the reason that the Coats Petroleum Company was made a party to the act and never signed the instrument. The only evidence in regard to the Coats Petroleum Company is in the instrument itself, which clearly shows they had no interest in the machinery and they were not necessary parties to the act of sale. At the time the sale was made from defendant to intervener, defendant was the sole owner of the property and had the legal right to sell it. The sale was complete, and the only delivery required, where the machinery is as heavy as in this case, was made. A manual delivery is not required in such instances. Intervener took charge of the machinery and attempted to sell it to other operators. Plaintiff did not at any time record any lien against said property and it passed to intervener free of any incumbrance.

The only remaining issue is: Did intervener employ plaintiff to haul the machinery, or did it by its acts make itself a party to the contract? It is certain from the testimony of plaintiff alone that intervener, through its agents, did not employ plaintiff to haul the machinery. The evidence is clear that Mr. Warren, representing defendant, is the man who ordered the machinery hauled, and instructed plaintiff's bookkeeper to charge it to defendant. The only evidence, tending to connect intervener with the employment is by plaintiff, who testified as follows:

"Q. Mr. Reeves, did Mr. Tharp, in company with some other man, come to see you in regards to hauling of this machinery prior to the time you hauled it?

"A. It was mentioned about hauling it.

"Q. Where were you?

"A. About Loring camps.

"Q. Did the object of their visit have anything to do with this machinery and its location on the lease, or its hauling?

"A. No, sir.

"Q. Did they come to see you about something in connection with this case?

"A. Come to see me about borrowing something.

"Q. Did they explain to you what it was for?

"A. For pouring the concrete base to set this machinery on.

"Q. At that time was anything said to you about undertaking the hauling of this machinery by these two gentlemen?

"A. Yes, sir.

"Q. Do you recall what it was?

"A. They told me they would have some machinery in there in a few days, and probably would want me to haul it out."

This certainly does not constitute an employment, nor is this, coupled with the fact that intervener had a representative present to supervise the setting up of the machinery and knew it was being hauled by plaintiff, sufficient to make intervener a party to the contract and to bind it for payment of the hauling. It had to be hauled by some one, it is true, but that was the obligation of defendant and not intervener. Intervener could not have prevented it from being hauled, and because it did not protest against that which it was powerless to prevent, does not make it a party to the contract and bound thereby.

Plaintiff relies chiefly on the case of Brown v. David et al. (La. App.) 141 So. 418. However, we think the facts in the two cases are entirely different. Neither intervener nor its agent were present when the contract of hauling was entered into, did not acquiesce in the contract to any extent, and are not bound under said contract, nor are they estopped by any action of theirs.

The judgment of the lower court is incorrect, and it is therefore reversed; the demands of plaintiff are rejected, at his costs; the machinery attached herein is decreed to be the property of intervener free from any lien or incumbrance claimed by plaintiff for hauling.