## COAKLEY et al. v. PHELAN.

No. 25394.   Oct. 8, 1935.

Rehearing Denied Jan. 7, 1936.

Application for Leave to File Second Petition for Rehearing Denied March 30, 1937.

George A. Fitzsimmons, for plaintiff in error.

H. A. Wilkinson, for cross-plaintiff in error.

Hall & Thompson, for defendant in error.

RILEY, J. This is an appeal from a judgment and decree denying the foreclosure of a mortgage lien in an action commenced by plaintiff in error James Coakley. Plaintiff in error M. McGrath files a cross-petition in error from a judgment and decree against him upon a cross-petition in which he claimed title to a portion of the real property involved under a resale tax deed.

On or about November 14, 1910, E. Howland and Eleanor Howland, the then owners of lots 21, 22, 23, and 24, block 29, Capitol Hill, Okla., executed a mortgage on said

lots to secure a note in the sum of $400, in favor of E. R. Tileson.

The note was made to mature November 1, 1915, but contained a clause providing: "This note may be paid November 1, 1913, by giving the mortgagee 30 days' written notice."

The mortgage contained a provision that: "Upon failure to pay when due any sum, interest or principal when due secured hereby—the whole sum secured hereby shall at once and without notice become due and payable at the option of the holder hereof. * * *"

On September 21, 1916, an action was commenced in the district court of Oklahoma county by Susanna Faughn, who claimed to be the owner thereof, to recover judgment on the note without any mention whatever of the mortgage given to secure same, and on November 8, 1916, judgment was entered in said cause, adjudging Susanna Faughn to be the legal owner and holder of the note, and for judgment thereon in her favor. Execution was issued thereon on February 14, 1917, and returned February 26, showing no property found on which to make levy.

A second execution was issued dated June ____, 1921, and return June 30, 1921, showing no property found.

A third execution was issued June 7, 1926, and return June 16, 1926, showing no property found.

Thereafter Susanna Faughn sold and assigned the judgment in said cause to plaintiff herein, James Coakley. The assignment was undated, but shows to have been acknowledged December 26, 1928, and filed in the office of the court clerk January 24, 1929.

November 28, 1929, Susanna M. Faughn, joined by Flossie Hetherington, Mrs. Rena Price, and Mrs. Ruby Graham, executed an assignment of the mortgage above mentioned to plaintiff herein, James Coakley. Therein Susanna M. Faughn was described as the widow of E. R. Tileson, and the other assignors were described as the only children of said Tileson.

This action was commenced January 20, 1930, having for its purpose the foreclosure of said mortgage.

In the meantime, on July 14, 1915, the mortgagors, E. Howland and Eleanor Howland, conveyed the premises covered by the mortgage to Joe H. Frost, by general warranty deed, but containing the following provisions: "Except one certain mortgage of $400, given to E. R. Tileson with 10 per cent.

interest from November 1, 1913, and taxes for years 1911, and 1912, 1913, and 1914, amounting to $966.92, which the grantee assumes and agrees to pay as a part of the consideration of this conveyance." Said deed was filed for record July 14, 1915. The grantee, Joe H. Frost, was then, and ever since has been, a resident of the state of Arkansas, and has never been in the state of Oklahoma except a few times, and then only for a day or two at a time.

June 10, 1924, a resale tax deed was issued conveying lot 24 to A. L. Carrico, who, on September 2, 1924, conveyed same by quitclaim deed to Bernasdaffer, who, on October 15, 1924, conveyed same to John T. Phelan, defendant in error herein.

On June 19, 1924, resale tax deed was made by the county treasurer conveying lots 21 and 22 to cross-petitioner in error, M. McGrath.

July 16, 1924, resale tax deed was made by the county treasurer conveying lot 23, to defendant in error, John T. Phelan.

On January 23, 1925, Joe H. Frost and wife conveyed by quitclaim deed all of said lots to defendant in error, John T. Phelan.

When Coakley commenced this action he made Joe H. Frost, John T. Phelan, and M. McGrath parties defendant, and service was had upon Frost by publication.

Plaintiff Coakley in his petition pleaded the note and mortgage, the merger of the note in the judgment, and his ownership of the judgment indebtedness, the assignment to him of the mortgage, the conveyance of the lots by the mortgagors to defendant Frost, and the assumption by him of the mortgage indebtedness, and that said Frost was at the time a nonresident of the state of Oklahoma, and that he had at all times since the assumption of said indebtedness been absent from and not within the state of Oklahoma, and that defendants Phelan and McGrath claimed an interest in said premises, but that whatever right, title, or interest they, or either of them, had or claimed in said property was junior and inferior to his lien and claim, and prayed for judgment establishing said debt against defendant Frost in the sum of $1,040, with interest from November 17, 1929, and foreclosing his lien.

Defendant Phelan, after demurrer was filed and overruled, answered by general denial; specifically alleged that he had never assumed any of said mortgage indebtedness; that defendant Frost did not become liable on his alleged assumption of said indebted-

ness in that at the time said property was conveyed to Frost the maker of such note had already been sued thereon by the then owner and holder of the note and mortgage without any attempt to foreclose the mortgage and had thereby elected to and had waived her right to pursue the property and had waived her rights under the mortgage; that if said Susanna Faughn, or her assignee, Coakley, ever had a cause of action by virtue of said mortgage, the same had become barred by the statute of limitations; that plaintiff and her assignor had been guilty of laches in failing to bring suit on the mortgage for almost 15 years.

(By cross-petition he alleged that he was the sole and exclusive owner of the property involved; had been in actual and exclusive possession thereof since January 23, 1925; that he derived his title through a quitclaim deed from Joe H. Frost and N. P. Frost, husband and wife.

He further alleged that the tax deed under which defendant McGrath claimed title to two of said lots was void in that the county treasurer had not legally advertised said property for sale; that the pretended sale had been for the ad valorem taxes alone and that the pretended sale purported to be made subject to certain paving taxes, etc., that the statute of limitation had run against said deed. Other irregularities in the issuance of said deed were alleged. He prayed that his title be quieted as against both plaintiff and defendant McGrath.

Defendant McGrath answered admitting that he claimed an interest in lots 21 and 22, and claimed title thereto by virtue of the resale tax deed issued to him by the county treasurer, and filed for record December 1, 1925, attaching a copy of said resale tax deed. By cross-petition he asserted a title superior to that of plaintiff or defendant Phelan, and prayed that his title to said two lots be quieted.

Plaintiff replied to the answer and cross-petition of defendant McGrath, alleging that said resale tax deed was void upon its face; and that the county treasurer was without jurisdiction to sell said lots at resale; that said lots had never been sold to the county; that no notice of resale was given.

Reply to the answer and cross-petition of defendant Phelan was by general denial.

Trial was had beginning January 10, 1931, and continued from time to time until September 9, 1933, at which time judgment and decree was entered in favor of defendant John T. Phelan, and against plaintiff and

defendant McGrath, except that defendant McGrath was given judgment against defendant Phelan for $14.50, the amount paid for the resale deed, with interest thereon, and a lien on lots 21 and 22 for said amount. Plaintiff Coakley appeals, and defendant McGrath files a cross-petition in error.

The petition in error of plaintiff Coakley contains six specifications of error, but in substance they all go to the single proposition that the judgment and decree of the trial court is contrary to law.

In his brief he raises the question that the court erred in permitting defendant Phelan to introduce in evidence the resale tax deed to himself and Carrico.

The contention is that they were not pleaded, and that in his pleadings Phelan relied wholly upon the deed from Joe H. Frost and wife to sustain his title. He seeks to invoke the rule that a party cannot plead one instrument as a foundation of his claim or defense and succeed on proof of another and different instrument.

The question, though presented in the motion for new trial, is not mentioned in the petition in error. It is well settled that, in order to present a question of this kind, attention should be called thereto in the motion for new trial, and the ruling thereon assigned as error in the petition in error. But if error was committed in this regard and the question properly raised, it would not call for a reversal of the judgment if plaintiff's claim is barred by the statute of limitation.

The trial court did not base the judgment upon any one of the several defenses pleaded. The rule is that, "where a judgment does not disclose which of several grounds it is based upon, it will not be reversed if any of such grounds is a valid basis for the judgment, and there is sufficient evidence to sustain it upon such grounds." Dunkin v. Galloway, 75 Okla. 125, 181 P. 939.

There is but little, if any, conflict in the evidence. It is clearly shown by the record that an action could have been commenced to foreclose the mortgage at any time after the date of maturity of the note, which is conceded to be November 1, 1915. In fact, suit was commenced on the note September 21, 1916.

At the time there was $164.10 interest due and unpaid, indicating that no interest had been paid after about November, 1922. Under the accelerating clause in the mortgage the holder could have declared the whole of the note, principal and interest, due upon failure

to pay the interest which fell due November 1, 1913, and could have commenced an action on the note and to foreclose the mortgage at any time thereafter.

When the action was commenced upon the note, Joe H. Frost had been the owner of the property for more than one year. The deed by which he obtained title and wherein he assumed the mortgage indebtedness had been placed of record on July 14, 1915. There was then nothing to prevent the then holder of the note and mortgage from seeking foreclosure of the lien at the same time she filed suit on the note. It is true that she was not obliged to do so, and did not, by failing so to do, waive her right to enforce the lien thereafter within the time allowed by law. The rule is that:

"Suit and the recovery of a judgment for the amount of the debt do not change the security of the mortgage." 21 C. J. 810; Robinson & Co. v. Stiner, 26 Okla. 272, 109 P. 238.

In the latter case it is held that:

"Although the evidence of the debt be changed from a simple contract like a promissory note to a judgment, the lien of the mortgage or pledge continues effectual until the debt is paid or discharged."

But as stated in Hanna et ux. v. Kasson et al. (Wash.) 67 P. 271, this right must be subject to the statute of limitation.

A mortgage on real property given to secure a debt creates a lien upon the mortgaged property.

Section 7424, C. O. S. 1921 (10957, O. S. 1931), provides:

"A lien is extinguished by the mere lapse of the time within which, under the provisions of civil procedure, an action can be brought upon the principal obligation."

Under said section, under the provisions of civil procedure, the time within which an action could have been brought upon the note, if that be regarded as the principal obligation in this action, expired November 1, 1920, five years after the maturity of the note.

But action had been commenced and judgment was obtained upon the note, as stated above, June 21, 1916, and the judgment had been kept alive by successive executions in the manner provided by law. But it does not follow that because the judgment was kept alive the right of action to foreclose the lien was thereby extended beyond the period provided by section 7424, C. O. S. 1921.

The rule appears to be that two distinct causes of action may arise out of a note and a mortgage given to secure same: First a right of action on the note at maturity thereof if not paid, or within five years thereafter; and second, a right to proceed in the manner provided by law to foreclose the mortgage.

This must be so, since it is held that suit and judgment on the note without foreclosure of the mortgage does not prevent the holder of the indebtedness secured by the mortgage from thereafter proceeding to foreclose the mortgage lien.

But it appears that when defendant Joe H. Frost accepted a deed for the premises and therein assumed and agreed to pay the mortgage indebtedness, a new cause or right of action arose in favor of plaintiff and against Frost.

An indebtedness from Frost to the holder of the note and mortgage arose out of Frost's agreement to assume and pay the mortgage indebtedness. The deed from Howland and wife to Frost being dated and filed for record July 14, 1915, Frost's liability commenced at that time, and plaintiff had five years from that date to commence an action against Frost, whether Frost was a resident of or was within the state of Oklahoma during that time or not.

The five years in which action to foreclose against Frost expired July 14, 1920, and, as stated above, the five years upon which suit could have been commenced upon the note and mortgage, if that be considered the principal obligation within the meaning of section 7424, supra, elapsed November 1, 1920.

But Frost was a nonresident of the state of Oklahoma, and shown by the evidence to have been without the state during all the time, with the exception of a few days. The question then arises whether or not that fact would or did suspend the running of the statute providing for the extinguishment of the lien. Upon this question the authorities appear to be in hopeless conflict.

In Hogaboom v. Flower (Kan.) 72 P. 547, it is held:

"The absence from the state of the owner of real estate upon which there exists a mortgage, but for the payment of which the owner is not obligated, will not prevent the statute of limitation from running against such mortgage lien."

And:

"The fact that the holder of the legal title was absent from the state did not prevent her from enforcing such lien by a proper action at any time after the maturity of the

debt, nor suspend the statute of limitations. Having no personal cause of action against any of the holders of the legal title, their presence or absence from the state was immaterial so far as her foreclosure proceedings were concerned. She had her proceedings in rem to enforce her mortgage lien."

See, also, George v. Butler (Wash.) 67 P. 263; Anderson v. Baxter, 4 Ore. 105; Wood v. Goodfellow, 43 Cal. 185; Boyer v. Price (Wash.) 88 P. 1106; Colonial, etc., Mtg. Co. v. N. W. Thresher Co. (N. D.) 70 L. R. A. 814.

Hendricks v. Brooks (Kan.) 101 P. 622, holds to the opposite without reference to the case of Hogaboom v. Flower, supra. Clinton County v. Cox, 37 Iowa, 570, and other cases in that state hold that the absence from the state of the mortgagor tolls the statute of limitation as to the grantees of the mortgagor. Richey v. Sinclair, 167 Ill. 184, holds the same.

It does not appear from any of the cases cited from other states that there existed a statute such as section 7424, supra. The only case called to our attention, or where there was a special statute of limitation on an action to foreclose a mortgage, is Colonial, etc., Mtg. Co. v. N. W. Thresher Co. (N. Dak.) supra. The statute there is exactly the opposite from ours. It is there provided, section 4696, Rev. Code N. Dak. 1899, "A lien is not extinguished by the mere lapse of time," etc. The question has never been passed upon in this state in a mortgage foreclosure case, but in Bertram et al. v. Moore, 160 Okla. 78, 15 P. (2d) 589, an action to foreclose a vendor's lien on real estate, it was held that section 7424, C. O. S. 1921, means what it says, that the lien lapses, if no proceedings are brought to enforce the same, upon the expiration of the length of time the statute would run against the principal obligation. There the maker of the vendor's lien notes was a nonresident of the state of Oklahoma and was absent therefrom during all the time between the date of and the maturity of the last note. When the suit was commenced April 11, 1928, more than five years had elapsed after the maturity of the note. It was held that the lien was extinguished by reason of the mere lapse of the five-year period, and this notwithstanding the absence from the state of the maker of the note. The decision in that case is based entirely upon the provisions of section 7424, supra. There is and can be no difference in principle between a vendor's lien and a mortgage lien. The statute applies alike to all liens.

In Miller v. National Surety Co., 159 Okla. 76, 14 P. (2d) 228, it is held:

"Whenever one party to a contract may rightfully sue another thereon, a cause of action has accrued, and the statute of limitation begins to run."

The holder of the mortgage might rightly have sued Frost to foreclose the lien at any time within five years after the note matured on November 1, 1915, for Frost had then already assumed payment of the indebtedness. True there could have been no personal judgment rendered. But service of summons by publication could have been made then as well and as effectively as at the time this action was commenced. The reasons given in the Bertram Case are applicable in this case.

We, therefore, hold that the mortgage lien was extinguished long prior to the commencement of this action. It is therefore unnecessary to consider the question of laches, and other questions raised between plaintiff and defendant Phelan.

As to the cross-petition in error of defendant McGrath, it is sufficient to say that McGrath's only claim is based upon a resale tax deed which contains the same infirmity as the one involved in the case of Mahoney v. Estep, 171 Okla. 101, 38 P. (2d) 537. It was there held that the resale tax deed as filed was void upon its face. Under the rule there announced, the resale tax deed of defendant McGrath is void upon its face. We deem it unnecessary to further discuss the questions raised.

The judgment is affirmed.

McNEILL, C. J., and BUSBY, PHELPS, and CORN, JJ., concur.