FIRST NAT. BANK & TRUST CO. OF
OKLAHOMA CITY et al. v.
STARK et al.

No. 34771.   June 24, 1952.

Rehearing Denied Sept. 30, 1952.

*249 P. 2d 117.*

H. A. Ledbetter, Ardmore, for plaintiffs in error.

Bert Barefoot, Jr., and Howell & Stinchecum, Oklahoma City, for defendant in error.

DAVISON, J.  This is a suit for foreclosure of a mortgage covering certain lands in Stephens county, Oklahoma. It is now prosecuted by the First National Bank & Trust Company of Oklahoma City, trustee, and Sam S. Gill, as plaintiffs, against W. J. Stark, as defendant, the sole appellant here.  The parties will be referred to as they appeared in the trial court.

In 1931, one John F. Carraway executed to one S. A. Apple his promissory note in the principal amount of $300 due and payable on December 31, 1941.  Payment thereof was secured by the real estate mortgage here involved. Subsequent to the execution and recordation of said mortgage, a 2½-acre interest in the minerals and a 5-acre interest in the surface of said realty was conveyed to one Ray M. Scruggs.  On June 14, 1941, the first National Bank & Trust Company, executor of the estate of S. A. Apple, then deceased, filed suit on the note and mortgage against John F. Carraway, Ray M. Scruggs and numerous other parties not now of importance, as defendants.  Service of summons by publication was duly had on the said Carraway.   Summons was issued to Scruggs but no service thereof was ever had.  On October 12, 1942, the action was dismissed as to Scruggs and judgment in rem was rendered against the other defendants, fixing the amount of the indebtedness and foreclosing the mortgage.  The above-named Sam S. Gill, one of the defendants, claiming an interest in the note and mortgage, appealed from said judgment in so far as it was adverse to him.  This court sustained his contention and the judgment as to him was reversed and the cause remanded with directions. (Gill v. First National Bank & Trust Co. of Oklahoma City, 195 Okla. 607, 159 P. 2d 717).

After remand of the cause, and on September 23, 1949, amended petition

184

was filed on behalf of The First National Bank & Trust Company of Oklahoma City, Trustee, and Sam S. Gill, as plaintiffs, wherein W. J. Stark, who in 1946 had purchased the interest of the above-named Ray M. Scruggs in said real property, was made an additional party defendant. Stark defended upon the ground that the action against him was barred by the statute of limitations and that plaintiffs, in failing to serve summons upon, and in dismissing the action as to, the said Scruggs, were estopped to assert any lien against defendant's interest in the property. Judgment of the trial court was for Stark and the plaintiffs have perfected this appeal.

Defendant apparently has abandoned any reliance upon the estoppel theory and we see no grounds for its application. It will, therefore, be disregarded. Thus, this case resolves itself into a single proposition, namely, does the rendition of a valid judgment against a mortgagor of realty, establishing the amount of the lien indebtedness and foreclosing the mortgage against his remaining interest in the property, operate to toll the statute of limitations as to one to whom an interest in the premises has been conveyed subsequent to recording of the mortgage but who is not made a party to the foreclosure proceeding until after the bar of the statute would otherwise have fallen.

There is no such joint interest as between the maker of a note and mortgage and a subsequent purchaser of the mortgaged premises that service on one of them will constitute commencement of the action as to the other under 12 O.S. 1941 §97. Morrissey v. Hurst, 107 Okla. 1, 229 P. 431.

Generally speaking, where the statute of limitations is not involved, if a mortgagee forecloses but fails to join the holder of an interest in the premises as a party defendant, such interest is not foreclosed but the mortgage remains alive and the mortgagee may

effectively foreclose against the omitted parties, either in the same or a new action. Rives v. Stanford, 188 Okla. 108, 106 P. 2d 1101. In other words, as between the owner of the mortgage and a subsequent owner of an interest in the realty who was omitted from, and in no way bound by, the foreclosure judgment, the situation is the same as though no legal proceeding had been had. The note and mortgage remain and must be foreclosed, either in that suit or in another new action. But, in either event, the former judgment neither adds to nor detracts from the right of action which the mortgagee has as against the grantee of the mortgagor. Therefore, the mortgagee must recover, if at all, against the transferee upon the note and mortgage, unaided by the judgment.

This conclusion is in harmony with the opinion in the case of Coakley v. Phelan, 179 Okla. 515, 66 P. 2d 19, wherein it was held that although the mortgagee had recovered a personal judgment against the mortgagor and had kept that indebtedness alive and enforceable against said mortgagor, that did not operate to toll the statute of limitation as to foreclosure of the mortgage against the transferee of the property. The cases of Bertram v. Moore, 160 Okla. 78, 15 P. 2d 589, and Latson v. McCollom, 192 Okla. 48, 134 P. 2d 130, have no bearing on the instant case since they deal with computation of the period of limitation, where the mortgagor or his transferee is absent from the state, and not with tolling the operation of the statutes of limitations.

The case of Smith v. Bush, 173 Okla. 172, 44 P. 2d 921, is cited and strongly relied upon by plaintiffs. In that case, the mortgagor, after transferring an interest in the property, made a payment after maturity upon a mortgage indebtedness which was prior and superior to the transferee's title. Suit to foreclose was brought subsequent to the expiration of the period of limitations from the maturity of the note but prior to the expiration of such period

from the date of the part payment. It was held that the payment started the running of the statute of limitations anew both as to the mortgagor and as to his transferee. The reasoning and conclusion in the Bush case was approved and followed in the case of Baker v. Broughton, 193 Okla. 656, 146 P. 2d 832. At first blush, these reported cases seem to give support to plaintiffs' position but it will be observed that they deal with the original indebtedness and the tolling of the statute as to it, and do not involve the question of litigation or of securing judgment on that indebtedness against the mortgagor only. In Texas, there are several cases, Adams v. Edmonds (Tex. Civ. App.) 159 S.W. 2d 197, and cases therein cited, which hold "that the filing of a suit, as between the parties, stopped the running of the statutes of limitations as effectively as if the maker of the note and the grantor of the deed of trust had formally renewed the debt and lien, and that the party claiming under the maker of the note could assert no better right to the land in suit than the maker could have asserted, unless he was a bona fide purchaser of the land without notice of the pendency of the suit." However, those Texas cases make no reference to another Texas case, that of Anderson v. Ward (Tex. Com. App.) 4 S. W. 2d 32, wherein it was held that the "right of action of holder of trust deed to foreclose, as against interest of record holder of undivided interest not joined in previous foreclosure suit held subject to bar of * * * statute of limitation, since such defendant's rights were not affected by the judgment and sale in the prior proceedings."

This latter rule is in harmony with the opinion and conclusions of this court in the case of Coakley v. Phelan, supra, and is, in no wise, in conflict with the Smith v. Bush case, supra. The same rule was followed in the case of McDaniel v. Dominique Lalanne, 28 La. Ann. Rep. 661. Also, although founded upon a rule in direct opposition to that followed in the Smith v. Bush case, supra, the same conclusion was reached in the cases of Frates v. Sears, 144 Cal. 246, 77 P. 905, and Damon v. Leque, 17 Wash. 573, 50 P. 485, as in the last above cited Texas case.

In the case at bar, the defendant, Stark, did not acquire his interest prior to the filing of the suit nor prior to the rendition of judgment against the mortgagor, but he stood in the shoes of, and was entitled to, the same defenses as his grantor, Scruggs, who was never served with summons and as to whom the action was dismissed and who acquired the interest in the property from the mortgagor intermediate the recording of the mortgage and the filing of suit. As was said in the Coakley v. Phelan case, supra:

"When the action was commenced * * * (the transferee, Scruggs,) had been the owner of the property for more than one year. The deed by which he obtained title * * * had been placed of record * * *. There was then nothing to prevent the then holder of the note and mortgage from seeking foreclosure of the lien * * *. It is true that she was not obliged to do so, and did not by failing to do so, waive her right to enforce the lien thereafter within the time allowed by law. * * *

"But as stated in Hanna et ux. v. Kasson et al., 26 Wash. 568, 67 P. 271, this right must be subject to the statute of limitation."

We conclude that when Stark, after being made a party defendant, entered his appearance herein on October 22, 1949, nearly eight years after the maturity of the note and mortgage in 1941, the statute of limitations most favorable to plaintiffs had run and their right to foreclose the mortgage lien against the interest in the property owned by him was then barred and that the trial court was correct in rendering judgment in his favor.

The judgment is affirmed.

WELCH, CORN, JOHNSON, and O'-NEAL, JJ., concur.