WALDEN–PAGE MEMORIAL HOSPITAL, INC., Plaintiff in Error,

v.

FOUNDERS, INC., Wagoner Hospital, an Oklahoma Corporation, Lloyd M. Bentsen and Elmer C. Bentsen, individuals and Lloyd M. Bentsen and Elmer C. Bentsen, d/b/a Bentsen Development Company, et al., Defendants in Error.

No. 41496.

Supreme Court of Oklahoma.

June 28, 1966.

Rehearing Denied Sept. 20, 1966.

Sam Sullivan, Durant, John B. Ogden, E. L. Litchfield, Jr., Oklahoma City, for plaintiff in error.

Fred W. Martin, Wagoner, for defendant in error, Founders, Inc.

Brown, Verity & Brown, by Paul Brown, Oklahoma City, for defendants in error, Lloyd M. Bentsen and Elmer C. Bentsen.

BLACKBIRD, Justice.

Plaintiff in error, hereinafter referred to as plaintiff, acquired title to certain Wagoner, Oklahoma, real estate from Frona J., and Dewey Hobson, Walden, before Bentsen Development Company obtained an assignment of the mortgage on it from three mortgagees by the name of "Young". Thereafter, when the Company and its copartners, which we will sometimes refer to merely as "the Bentsens", foreclosed the mortgage in Federal Court, they named the Waldens as sole defendants, and left the plaintiff herein unnamed in, and omitted from, that action. After the Bentsens obtained judgment in the foreclosure action, and thereafter bid the property in at the foreclosure sale which followed, and went into possession of the property upon filing their Marshal's Deed of record in February, 1953, plaintiff, more than five years later instituted the present action in 1958, to recover the property and damages against the Bentsens and their successors in title, hereinafter referred to collectively as "defendants". In the action's first appeal, Walden-Page Memorial Hospital v. Bentsen, Okl., 370 P.2d 5, we held that the trial court's judgment for the defendants on the ground that the action was barred by the 5-year limitation period prescribed by Tit. 12 O.S.1951 and 1961, sec. 93(1) was error, and remanded the case for a new trial.

Thereafter, when the new trial was had in 1964, the trial court again rendered judgment for the Bentsens, but this time it was pursuant to their cross petition praying for (a belated) foreclosure of their mortgage against plaintiff. The court rejected plaintiff's defense that such foreclosure was barred by expiration of a limitation period and that the mortgage deed had been cancelled by, and the mortgage merged into, the foreclosure judgment. On the contrary, the court specifically found that a major portion of the original mortgage indebtedness ($99,689.64, to be specific) was unsatisfied and ruled "that it was necessary" for plaintiff to tender that amount to the Bentsens in open court in order to proceed with its action to eject them from the property. It was after plaintiff's refusal to make this tender that the court received evidence in support of the Bentsens' cross petition, and thereafter rendered judgment upholding it, and foreclosing their mortgage against plaintiff.

In the present appeal, plaintiff's general position is that the trial court exceeded its authority in purporting to foreclose the Bentsens' mortgage against it at that late date, on two grounds, namely: (1) Their cause of action was barred by limitations, and (2) The subject mortgage had already been foreclosed, and merged into the aforementioned Federal court judgment, which extinguished said mortgage's lien.

On the first of these issues, plaintiff relies almost exclusively on Tit. 12 O.S.1961, sec. 95 "First", and First Nat'l Bank and Trust Co. of Oklahoma City et al. v. Stark et al., 207 Okl. 183, 249 P.2d 117. In the cited case, where, after the first trial of said mortgage foreclosure action in 1942, one W. J. Stark, who purchased a small interest in the mortgaged real estate from one Scruggs, who had not been a party to the foreclosure judgment, was subsequently made a party to the action before its second trial, and then asserted, as his defense, the expiration of the limitation period, we held the bank's right to foreclosure against Stark was then barred, as the note and mortgage had matured in 1941, and he did not become a party to the action until nearly eight years later.

Defendants' contention that since they have been in possession of the subject property at all times since obtaining it under their Marshal's Deed in 1953, no limitation is applicable to them, in as much as they (with regard to such a bar) are in the same position as mortgagees in possession. Among other authorities, they cite the case of Higgs v. Renfrow, 195 Okl. 545, 159 P.2d 749, in which we held:

"The statute of limitations does not run against a mortgagee in possession during the continuance of such posses-

sion, and until the mortgage debt has been fully paid the owner may not oust such mortgagee from possession or quiet his title as against such mortgagee."

"It is not necessary to the status of a mortgagee in possession that possession of the land shall have been taken under the mortgage or with the consent of the mortgagor. It is sufficient if the possession be taken peaceably and lawfully."

In Plaintiff's reply brief, it relies heavily on Layden v. Layden, 228 N.C. 5, 44 S.E.2d 340, and cites other authorities for expressions which are correct, as abstract principles of law, but, like the Stark Case, supra (which, unlike the present one, was not an action of ejectment against a mortgage foreclosure purchaser) have no application to the facts of this case. Of course, in this jurisdiction, where a real estate mortgage gives the mortgagee—instead of title to, or possession of, the mortgaged property—only a lien upon it, with the right to foreclose, upon the mortgagor's failure to comply with certain of its contract provisions, there is, legally and strictly speaking, no such character as a "mortgagee in possession"; but, this does not mean that, under certain conditions, a mortgagee's relationship to the mortgaged premises may not be regarded in equity, and for certain purposes, the same as that of a mortgagee in possession. Perhaps one of the soundest and most comprehensive discussions of the crucial issue here, and related questions, is found in the early case of Stouffer v. Harlan, 68 Kan. 135, 74 P. 610, 64 L.R.A. 320, in which the court, among other things, said:

"* * * The expression 'mortgagee in possession' has been adopted by the courts and law writers as a convenient phrase to describe the condition of a mortgagee who is in possession of mortgaged premises under such circumstances as to make the satisfaction of his lien a prerequisite to his being dispossessed, even in jurisdictions where the mortgage itself can confer no possessory right either before or after default; * * *.

* * * * * *

In Cooke v. Cooper, 18 Or. 142, 22 Pac. 945, 7 L.R.A. 273, 17 Am.St.Rep. 709, the second paragraph of the syllabus, which is quoted with approval in Kelso v. Norton, supra, reads as follows: 'If, for any cause, in the foreclosure suit, the proceeding is ineffectual to foreclose the mortgage, and the mortgagee purchases at a sale under such void proceedings, and enters into the possession under such sale, his relation to the mortgaged premises is that of a mortgagee in possession.' * * *."

After a rather detailed discussion of the origin of, and reasons for, the subject equitable doctrine, the court further said:

"And in Tallman v. Ely, 6 Wis. 244: 'It would be unwise and inequitable to permit the grantee of the mortgagor to obtain the possession, as against the mortgagee or his assigns, while the mortgage debt remains unpaid. Under such circumstances, if the grantee desired to obtain possession of the premises, he could file his bill to redeem, and the court could properly aid him in obtaining possession after the incumbrance was discharged. In this way equity could be fully done between all the parties. Again, if the court should put the mortgagor or his grantee in possession of the premises without requiring him first to pay off the mortgage, it might be called upon at the next moment, in a proceeding to foreclose and sell the mortgaged premises, to turn him out and reinstate the mortgage or his assignee. But all this unnecessary and fruitless litigation can be avoided, and the rights and interests of the parties most completely subserved and protected, by adhering strictly to the doctrine that if the mortgagee or his assigns, after forfeiture, obtains possession lawfully, the mortgagor, or those claiming under him, should not recover the possession without paying the money secured by the mortgage.'

\* \* \* \* \* \*

"Whatever may be the source of the rule historically, we think it is justified upon equitable principles by the considerations just stated, and that it should be followed, because of that fact, and be administered with reference to it; that it should be acted upon when the circumstances are such that these reasons are applicable, and only then. It is obvious that such reasons apply to all cases in which the mortgagee has actual possession of the mortgaged property, except where he has acquired it under such circumstances that it would be inequitable to permit him to assert a right under it. The expression, frequently used, that the entry must be lawful, we interpret to mean, not that it must have been effected under a formal right capable of enforcement by legal proceedings, but that it must not be through any unlawful or wrongful act, upon which the mortgagee would be estopped to found a right.

\* \* \* \* \* \*

"We conclude that the true rule is that, when the mortgagee is in possession of the mortgaged premises after condition broken, he may not be dispossessed without a payment of the mortgage debt, unless his possession was acquired under such circumstances that he ought not, in equity, to be permitted to retain it.

\* \* \* \* \* \*

"\* \* \* it is clear that one who assumes possession of the mortgaged property under color of foreclosure proceedings believed by him to be valid, however defective they may be in fact, cannot be thought to have thereby estopped himself to assert the right otherwise given him to retain possession until his debt is paid.

\* \* \* \* \* \*

"It is now urged that there was a presumption that the debt was paid, arising from the fact that the judgment had become dormant. The judgment was not dormant on any theory when this action was begun, or when the pleadings were settled, so the principle invoked has no application. If the judgment is in fact dormant now, the situation furnishes a good illustration of a class of cases, readily to be imagined, in which the doctrine just discussed serves to prevent gross injustice."

In accord with the above quoted decision, see Ponca City Building & Loan Co. v. Graff, 189 Okl. 410, 117 P.2d 514, Gillett v. Romig, 17 Okl. 324, 87 P. 325, and the discussion in Harding v. Garber, 20 Okl. 11, 19, 20, 93 P. 539, 543, all quoted under "PROPOSITION II" of defendants' brief.

The Texas decisions cited in plaintiff's reply are also in accord—rather than in conflict—with the Stouffer case, supra. At least one of them, Wilhite v. Yount-Lee Oil Co. (Tex.Civ.App.) 140 S.W.2d 293, quotes the rule from it, and says the Texas decisions tend to support it. Plaintiff's quotation of the editorial syllabus affixed to the opinion in the Wilhite case is misleading, because the body of the opinion (p. 296) shows that what the court said concerning Mrs. Futrell's not being a "mortgagee in possession" was only that she was not—in the "pure" meaning of that term. The court in that case specifically repudiated the idea that the equitable "mortgagee in possession" rule is based on the presumption that said party's entry upon, and possession of, the premises involved was in recognition of—rather than hostile to—the rights of the mortgagor.

It will be seen from the above, that a mortgagee, who *elects* to sell only a part of the mortgaged security, as was done in the Layden Case, supra, is in no position to invoke the equitable doctrine referred to. It will also be seen that a mortgagee-purchaser at a foreclosure sale is not precluded from being regarded as a "mortgagee in possession" by the facts that he has gained possession of the property through his purchase at the sale, rather than through his mortgage upon

it; that his title to it comes from the sale, rather than the mortgage; and that, at law, his judgment may be dormant, or his right to enforce the mortgage barred by the running of the applicable statutory limitation period.

In view of the foregoing, we are of the opinion that defendants' position, as upheld in the trial court's judgment, was correct. Said judgment is therefore affirmed.